FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 05 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50460 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-01061-LAB |
| v. | |
| JOSE LUIS PADILLA-VAZQUEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Jose Luis Padilla-Vazquez appeals from the district court's judgment and

challenges his 48-month sentence imposed following his guilty-plea conviction for

attempted entry after deportation, in violation of 8 U.S.C. § 1326; and fraud and

misuse of an entry document, in violation of 18 U.S.C. § 1546(a).  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Padilla-Vazquez contends that the district court procedurally erred by imposing a sentence based on clearly erroneous facts. Specifically, he contends that the court's finding that he received written warnings in Spanish notifying him of the consequences of returning to the United States following his deportation was without support in the record. We review for plain error, *see United States v. Waknine*, 543 F.3d 546, 551 (9th Cir. 2008), and find none. The district court reasonably concluded that Padilla-Vazquez was warned of the consequences of coming back to the United States. *See United States v. Gust*, 405 F.3d 797, 799 (9th Cir. 2005) ("So long as the district court's view of the evidence is plausible in light of the record viewed in its entirety, it cannot be clearly erroneous[.]") (internal quotations omitted). Furthermore, the record reflects that the court based the sentence on Padilla-Vazquez's criminal history and the need to protect the public and afford adequate deterrence. Padilla-Vazquez has not demonstrated a reasonable likelihood that the below-Guidelines sentence would have been different absent the alleged error. *See Waknine*, 543 F.3d at 553.

**AFFIRMED.**

12-50460